IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:19-CR-20 |
| v. | ) Criminal No. Erie | |
| | ) | |
| ANDREW GABLER | ) | |
| CHAD BEDNARSKI | ) | |

FILED
AUG 13 2019
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a seventeen-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Fraud conspiracy From in and around January 2015 in and around January 2019 | 18 U.S.C. § 1349 | Gabler Bednarski |
| 2 - 7 | Bank fraud From in and around January 2015 to in and around January 2019 | 18 U.S.C. §§ 1344(1) and (2) | Gabler Bednarksi |

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 8 – 13 | Bank fraud<br>From in and around January 2015 to in and around January 2019 | 18 U.S.C. §§ 1344(1) and (2) | Gabler |
| 14 - 17 | Wire fraud<br>On or about November 30, 2017<br>July 17, 2018 | 18 U.S.C § 1343 | Gabler<br>Bednarski |

## II. ELEMENTS OF THE OFFENSES

**A.     As to Count 1:**

In order for the crime of fraud conspiracy, in violation of 18 U.S.C. § 1349, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the conspiracy, agreement, or understanding to commit violations of 18 U.S.C. §§ 1343 and 1344 as described in the Indictment, was formed, reached, or entered into by two or more persons.

2. At some time during the existence of the conspiracy, agreement or understanding, the defendants knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding.

> O'Malley, Grenig and Lee, 2 Federal <u>Jury Practice and Instructions</u> § 31.03 (2002) (revised to exclude overt act requirement, see <u>Whitfield v. United States</u>, 125 S.Ct. 687, 691 (2005); <u>United States v. Shabani</u>, 513 U.S. 10, 16 (1994)).

  B.  **As to Counts 2 through 7:**

In order for the crime of bank fraud, in violation of 18 U.S.C. §§ 1344(1) and (2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

  1.  That ANDREW GABLER and CHAD BEDNARSKI knowingly executed a scheme or artifice to defraud a financial institution as detailed in Counts Two through Seven of the Indictment.

  2.  That ANDREW GABLER and CHAD BEDNARSKI did so with the intent to defraud or to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of the financial institutions listed in Counts Two through Seven of the Indictment by means of false and fraudulent pretenses, representations and promises, well knowing that the pretenses, representations and promises would be and were false and fraudulent..

  3.  That the financial institutions listed in Counts Two through Seven of the Indictment were then insured by the Federal Deposit Insurance Corporation or the National Credit Union Share Insurance Fund .

Third Circuit Model Criminal Jury Instruction 6.18.1344.

  C.  **As to Counts 8 through 13:**

In order for the crime of bank fraud, in violation of 18 U.S.C. §§ 1344(1) and (2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

        1.      That ANDREW GABLER knowingly executed a scheme or artifice to defraud a financial institution as detailed in Counts Eight through Thirteen of the Indictment.

        2.      That ANDREW GABLER did so with the intent to defraud or to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of the financial institutions listed in Counts Eight through Thirteen of the Indictment by means of false and fraudulent pretenses, representations and promises, well knowing that the pretenses, representations and promises would be and were false and fraudulent..

        3.      That the financial institutions listed in Counts Eight through Thirteen of the Indictment were then insured by the Federal Deposit Insurance Corporation or the National Credit Union Share Insurance Fund .

Third Circuit Model Criminal Jury Instruction 6.18.1344.

**D.**      **As to Counts 14 through 17:**

In order for the crime of wire fraud, in violation of 18 U.S.C. § 1343, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

        1.      That ANDREW GABLER and CHAD BEDNARSKI devised a scheme to defraud or to obtain money or property or the intangible right of honest services by materially false or fraudulent pretenses, representations or promises or willfully participated in such a scheme with knowledge of its fraudulent nature.

        2.      That ANDREW GABLER and CHAD BEDNARSKI acted with the intent to defraud.

    3. That in advancing, furthering, or carrying out the scheme, ANDREW GABLER and CHAD BEDNARSKI transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

  Third Circuit Model Criminal Jury Instruction 6.18.1343.

### III. PENALTIES

  **A.** **As to Count 1: Fraud conspiracy (18 U.S.C. § 1349):**

    1. Imprisonment of not more than thirty (30) years. (18 U.S.C. §§ 1343, 1344 and 1349).

    2. A fine not more $1,000,000 (18 U.S.C. §§ 1343, 1344 and 1349).

    3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

    4. Any or all of the above.

  **B.** **As to Counts 2 through 13: Bank fraud (18 U.S.C. §§ 1344(1) and (2)):**

    1. Imprisonment of not more than thirty (30) years (18 U.S.C. § 1344).

    2. A fine not more than $1,000,000 (18 U.S.C. § 1344)

    3. A term of supervised release of not more than five (5) years (18 U.S.C. § 3583).

    4. Any or all of the above.

  **C.** **As to Counts 14 through 17: Wire fraud (18 U.S.C. § 1343):**

    1. Imprisonment for not more than thirty (30) years.

    2.    A fine not more than $1,000,000.

    3.    A term of supervised release of not more than five (5) years (18 U.S.C. §§ 3559, 3583).

    4.    Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed on each count upon which the defendants are convicted, pursuant to 18 U.S.C. § 3013(a)(2)(A).

### V. RESTITUTION

Restitution may be required in this case as to Counts One through Seventeen, together with any authorized penalty, as part of the defendants' sentence pursuant to 18 U.S.C. §§ 3663, 3663A and 2259.

### VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*/s/ Christian A. Trabold*

CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013